UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DEUTSCHE BANK TRUST COMPANY        :
AMERICAS, as Trustee,
                                   :
            Plaintiff,
                                   :
      -against-
                                   :
ELLIOTT INTERNATIONAL, L.P., LIVERPOOL
LIMITED PARTNERSHIP, SEI           :
INSTITUTIONAL INVESTMENTS TRUST HIGH
YIELD BOND FUND, an investment fund within   :
SEI Institutional Investments Trust, SEI
INSTITUTIONAL MANAGED TRUST HIGH   :
YIELD BOND FUND, an investment fund within
SEI Institutional Investments Trust, SEI   :     09 Civ. 5242 (WHP)
STRUCTURED CREDIT FUND, L.P., SHINKIN
CENTRAL BANK, STRUCTURED           :     MEMORANDUM & ORDER
PRINCIPAL STRATEGIES, LLC, ZAIS
INVESTMENT GRADE LIMITED II, DAVIS :
SQUARE FUNDING II, LTD., SOCIÉTÉ
GÉNÉRALE, New York Branch, VERTICAL   :
CDO 2004-1 CORP., VERTICAL CDO 2004-1
LTD., TALCOTT NOTCH CBO I (DELAWARE)   :
CORP., TALCOTT NOTCH CBO I, LTD.,
SOJITZ CORP., SOJITZ               :
CORP. OF AMERICA, DEPOSITORY
TRUST COMPANY, as legal owner or holder of   :
record of Notes under the Indenture and legal
owner or holder of record of Preferred Shares   :
under the Preferred Shares Agreement, DOES 1
through 100, owners of beneficial interests   :
in the Notes under the Indenture, and DOES
101 through 200, owners of beneficial interests   :
in certain Preferred Shares under the
Preferred Shares Agreement,        :

            Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/09

-1-

WILLIAM H. PAULEY III, District Judge:

Deutsche Bank Trust Company Americas (the "Trustee") seeks a declaratory judgment against the holders and owners of certain notes and preferred shares under an indenture dated September 18, 2002 (the "Indenture"). Aladdin Capital Management, LLC ("Aladdin"), the Indenture's portfolio manager, moves to intervene as of right under Rule 24(a) or permissively under Rule 24(b). For the following reasons, Aladdin's motion for permissive intervention is granted.

## BACKGROUND

The Indenture established a Collateralized Debt Obligation ("CDO") consisting of a portfolio of commercial loan obligations purchased with the proceeds of Notes and Preferred Shares co-issued by Landmark II CDO, Ltd. and Landmark II CDO, Inc. (collectively "Landmark"). (Interpleader Complaint dated June 4, 2009 ("Compl.") ¶¶ 45-46, 48-50.) The Notes are divided into four tranches. (Compl. ¶¶ 52, 62.)

On March 27, 2009, Elliott International L.P. ("Elliott") and Liverpool Limited Partnerships ("Liverpool"), purported owners of Class A Notes, filed a Notice of an Event of Default with the Trustee (the "Notice of Default"). (Compl. ¶¶ 2-5, 52-53.) The alleged Event of Default was the purchase of certain notes with maturity dates longer than authorized under the Indenture for the portfolio (the "Long Dated Assets"). (Compl. ¶¶ 55, 60.)

The Trustee contacted Aladdin, the Indenture's portfolio manager, regarding the Notice of Default. (Compl. ¶¶ 64-65.) Aladdin opined that the Long Dated Assets did not have a material adverse effect on the Noteholders. (Compl. ¶¶ 67-68.) Following the Notice of

Default, the Trustee withheld distributions to the Noteholders and deposited them in escrow. (Compl. ¶ 87.)

The Trustee seeks a declaration regarding whether an Event of Default occurred and, if so, whether it continues. Elliott, Liverpool, and several other Defendants cross-claim for a declaration that an Event of Default occurred and that the Notes are immediately due and payable to the Class A Noteholders.

## DISCUSSION

Federal Rule of Civil Procedure 24 provides for intervention either as of right or with the permission of the Court. Under Rule 24(b), a district court may permit any party to intervene which has a claim or defense that shares a common question of law or fact with the main action. See In re Holocaust Victim Assets Litig., 225 F.3d 191, 202 (2d Cir. 2000). In exercising its discretion, a court should consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); Int'l Design Concepts, LLC v. Saks, Inc., 486 F. Supp. 2d 229, 235 (S.D.N.Y. 2007). As long as a court concludes that permissive intervention is appropriate, it need not consider the "more difficult question" of Rule 24(a) intervention. Int'l Design Concepts, 486 F. Supp. 2d at 234-35 (citing State of N.Y. v. Reilly, 143 F.R.D. 487, 489 (N.D.N.Y. 1992)).

Aladdin should be permitted to intervene in this action to ensure "the efficient adjudication of all parties' interests." Int'l Design Concepts, 486 F. Supp. 2d at 235. Aladdin's proposed Answer and Counterclaims are premised on the same facts and seek a resolution of the same legal issues presented by the Trustee. Because this action seeks a declaration as to the

responsibilities and rights of <u>all</u> holders and owners of the Notes and Preferred Shares, it is essential that <u>all</u> parties to the dispute be before this Court. Aladdin's interest in this action is confirmed by a review of the Class A Noteholders' Cross-Claim, which alleges "gross negligence and recklessness" on Aladdin's part for failing to declare an Event of Default. As the portfolio manager, Aladdin controlled the assets at issue and gave its opinion on the events central to this litigation.

Finally, Aladdin's intervention at this early stage does not prejudice any party's rights. Nor will it delay a final resolution. <u>See</u> <u>United States v. Pitney Bowes, Inc.</u>, 25 F.3d 66, 73-74 (2d Cir. 1994) (affirming denial of intervention where parties to the action had already agreed to the terms of the consent decree and where intervention would slow the implementation of the remedy).

## CONCLUSION

Accordingly, Aladdin Capital Management, LLC's motion to intervene under Fed. R. Civ. P. 24(b) is granted. Aladdin shall serve and file its responsive pleadings and claims by December 21, 2009.

Dated: December 14, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Abigail Reardon
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
*Counsel for Plaintiff*

Brendan Ernest Zahner
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020
*Counsel for Defendant Elliott*

Pamela Rogers Chepiga
Allen & Overy
1221 Avenue of Americas
New York, NY 10020
*Counsel for Defendant Societe Generale*

Eric P. Heichel
Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C.
805 Third Avenue, 10th Floor
New York, NY 10022
*Counsel for Defendant Depository Trust*

John Oleske
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
*Counsel for Intervenors Landmark & Aladdin*