UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
DEUTSCHE BANK TRUST COMPANY                                  :
AMERICAS, as Trustee                                         :
                                                             :
                                        Plaintiff,           :
                                                             :
                - against -                                  :  No. 09-cv-5242
                                                             :
ELLIOTT INTERNATIONAL, L.P.; LIVERPOOL                       :  AMENDED (PROPOSED) POST-
LIMITED PARTNERSHIP; WELLS FARGO                             :  DECISION INTERPLEADER
BANK, N.A.; SHINKIN CENTRAL BANK;                            :  ORDER
STRUCTURED PRINCIPAL STRATEGIES, LLC                         :
ZAIS INVESTMENT GRADE LIMITED II;                            :
DAVIS SQUARE FUNDING II CORP.; DAVIS                         :
SQUARE FUNDING II, LTD.; SOCIÉTÉ                             :
GÉNÉRALE, New York Branch; VERTICAL CDO                      :
2004-1 CORP.; VERTICAL CDO 2004-1 LTD.;                      :
TALCOTT NOTCH CBO I (DELAWARE) CORP.;                        :
TALCOTT NOTCH CBO I LTD.; TRICADIA CDO                       :
2003-1 CORP.; TRICADIA CDO 2003-1, LTD.;                     :
MIZUHO SECURITIES CO., LTD.; SOJITZ                          :
CORPORATION; SOJITZ CORPORATION OF                           :
AMERICA; CREDIT SUISSE SECURITIES (USA)                      :
LLC; DEPOSITORY TRUST COMPANY, as legal                      :
owner or holder of record of Notes under the                 :
Indenture and legal owner or holder of record of             :
Preferred Shares under the Preferred Shares                  :
Agreement; DOES 1 through 100, owners of                     :
beneficial interests in the Notes under the Indenture;       :
and DOES 101 through 200, owners of beneficial               :
interests in certain Preferred Shares under the              :
Preferred Shares Agreement,                                  :
                                                             :
                                        Defendants.          :
                                                             :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/11

The Court has determined, by Memorandum and Order entered June 2, 2011, that an Event of Default and a payment default have occurred and have been continuing since April 27, 2009 under an indenture dated September 18, 2002 (the "Indenture") between and

among Deutsche Bank Trust Company Americas (the "Trustee"), Landmark II CDO, Ltd. as Issuer, and Landmark II CDO, Inc. as Co-Issuer. After briefing and argument on June 22, 2011 on the issue of whether any additional interest was due to the Class A Noteholders (who received interest at the contract rate through the final payment of all the principal of their Notes), and as to what steps were necessary to conclude this action, this Court issued a Post-Decision Interpleader Order on June 30, 2011 directing payments from the Interpleader Escrow, requiring certain notices, and determining certain other matters, among them the attorneys' fee claim of certain Class A Noteholders. The Class A Noteholders' counsel sought rehearing of the Court's decision as to their attorneys' fee claim. On September 11, 2011, the Court granted in part and denied in part rehearing on that issue and directed the parties to now attempt to resolve it, after further briefing of the issue of whether attorneys' fees claimed by those Class A Noteholders should be subordinated to payment in full of all principal and accrued interest on all other classes of Notes. Now, pursuant to this Court's Order of September 11, 2011, and a resolution of the Class A Noteholders' attorneys' fee issue proposed by the Class A and Class C Noteholders having appeared and not objected to by the Class B Noteholder having appeared; the Court issues this Amended Post-Decision Interpleader Order Amending and restating its prior Post-Decision Interpleader Order. It is hereby:

      1.     ORDERED, that this Court still has jurisdiction over the subject matter of this action; and it is further

      2.     ORDERED, that Credit Suisse Securities (USA) LLC shall continue as a Defendant by virtue of its appearance in this action as a beneficial owner of certain Class C Notes, by which ownership it would be one of the Does 1-100 previously named as Defendants; and it is further

3.  ORDERED, that all Defendants that have appeared or been served shall still be deemed to have interpleaded their claims to the funds that have been maintained by the Trustee in escrow pending resolution of this action (the "Interpleader Escrow") and to have interpleaded their rights under the Indenture (and the related Preferred Shares Agreement dated September 18, 2002, between and among Deutsche Bank Trust Company Americas as Preferred Shares Paying and Transfer Agent and Share Registrar and Landmark II CDO Ltd. as Issuer) with respect to all issues necessary to the resolution of this action; and it is further

4.  ORDERED, that the Trustee shall still be deemed to have declared the principal of the Notes and other amounts payable under the Indenture to be immediately due and payable due to a payment default, and to have given due notice of such acceleration and payment default to the extent required by the Indenture, effective, in each case, as of April 27, 2009; and it is further

5.  ORDERED, that the Interpleader Escrow is deemed dissolved, because the Trustee has within five business days following the entry of the Post-Decision Interpleader Order, and as directed by that Order, paid the funds in the Interpleader Escrow, net of attorneys' fees and expenses of the Trustee in connection with this action at that time, as follows:

(a)  first to the beneficial owners of Class B Notes, to the extent such owners had not been paid all interest due and payable in respect of the Class B Notes;

(b)  next to the beneficial owners of Class B Notes, in repayment of the outstanding principal balance of such Class B Notes until the outstanding principal balance of such Class B Notes was reduced to zero;

(c)  next, if any amount remained in the Interpleader Escrow after making the payments described in the foregoing clauses (a) and (b), to the beneficial owners of Class

C Notes, first to pay interest due and payable in respect of the Class C Notes and then in repayment of the outstanding principal balance of such Class C Notes; and

    (d)    in each case, by paying such amount to Cede & Co. as nominee name of the Depository Trust Company for the benefit of its Participants (as that term is used in the Rules of the Depository Trust Company) of such Class or Classes of Notes;

and it is further

    6.    ORDERED, the Trustee shall pay from amounts ($1,844,107.81 as of October 4, 2011, with more currently expected to be received in the future) on deposit in the Collection Account as defined in Section 1.1 of the Indenture, net of attorneys' fees and expenses of the Trustee that have been or will be incurred in connection with this action (to the extent not already fully paid), the following attorneys' fees and expenses of the Class A Noteholders (which shall constitute full and complete satisfaction of any claim for attorneys' fees by any Noteholder or holder of Preferred Shares in this action), in the following priority as agreed by the Class A Noteholders and the Class C Noteholder appearing in this action (and not objected to by the Class B Noteholder appearing in this action):

    (a)    on the next payment date set by the Indenture (or, if such date falls before the six consecutive weeks of notice required by Section 7(b) below, then within five business days following the filing of proof of the completion of such notice, holding back in the interim such amount as would be necessary to make such payment), in the amount of $386,750, prior to the payment of any principal or interest to Noteholders junior to Class A; and

    (b)    on the next and subsequent payment dates set by the Indenture, in the subordinated amount of $68,250, to the extent that all principal and accrued interest with

respect to all Notes has been paid (but prior to any payment with respect to the Preferred Shares) pursuant to the Indenture;

        (c)      in each case, by wire transfer to:

              JPMORGAN CHASE
              ABA 021 000 021
              A/C 938662251
              A/C Elliott Management Corporation;

and it is further

        7.      ORDERED, pursuant to 28 U.S.C. § 1655, that, in addition to the notice previously provided by the Trustee on or before August 1, 2011 pursuant to the Post-Decision Interpleader Order, the Trustee shall provide further notice of this Amended Post-Decision Interpleader Order to those beneficial owners of interests in Notes and Preferred Shares identified as Does 1-100 and 101-200 in the Interpleader Complaint, as follows:

        (a)      By preparing a new notice (the "Further Notice") advising of the pendency of this action and advising all absent or unidentified beneficial owners of interests in the Notes or Preferred Shares that they must intervene, appear, or join this action within six weeks of the date of this notice;

        (b)      By posting the Further Notice, the Interpleader Complaint, the Post-Decision Interpleader Order, and this Amended Post-Decision Interpleader Order on the Trustee's website for not less than six consecutive weeks;

        (c)      By providing a copy of the Further Notice, the Interpleader Complaint, the Post-Decision Interpleader Order, and this Amended Post-Decision Interpleader Order to the Depository Trust Company for delivery to those Participants (as that term is used in the Rules of the Depository Trust Company) who are identified on the books and records

of the Depository Trust Company as having on deposit as of the date of this Order with the Depository Trust Company any of the Notes or Preferred Shares;

(d)     By delivering a copy of the Further Notice, the Interpleader Complaint, the Post-Decision Interpleader Order, and this Amended Post-Decision Interpleader Order by first-class mail to each of the holders of record of the Notes or Preferred Shares, at the address maintained in the Trustee's note register and the preference share register; and

(e)     By delivering a copy of the Further Notice, the Interpleader Complaint, the Post-Decision Interpleader Order and this Amended Post-Decision Interpleader Order by first-class mail to the persons named in Section 14.3(a) through (h) of the Indenture; and it is further

8.     ORDERED, that, after filing of proof of the sending to the Depository Trust Company and the website posting by the Trustee, any beneficial owner of interests in Notes or Preferred Shares, identified as Does 1-100 and 101-200 respectively in the Interpleader Complaint, who, pursuant to 28 U.S.C. § 1655, fails voluntarily to appear, intervene, join, or plead as specified in this Further Notice shall be deemed to have been served with process in the State of New York, and any adjudication of this action shall, as regards these absent beneficial owners of interests without appearance, affect only such Assets, as defined in Section 1.1 of the Indenture, that are the subject of this action; and it is further

9.     ORDERED, that each Defendant, and anyone claiming through or acting with any of them, or any other person or entity claiming any interest, legal or beneficial, in the funds in the Interpleader Escrow or in any Note or Preferred Shares or the rights being adjudicated herein, or any other person or entity identified in the Indenture, is hereby enjoined

pursuant to 28 U.S.C. §§ 2283 or 2361 from commencing or prosecuting any separate litigation concerning or relating to the funds in the Interpleader Escrow or any of the other rights being adjudicated herein; and it is further

10. ORDERED, that the Trustee shall, pursuant to 28 U.S.C. § 2361, and to the extent not already fully discharged, be dismissed upon entry of this Amended Post-Decision Interpleader Order from this action and shall have no liability to any Defendant or anyone claiming through or acting with them, or to any other person or entity claiming any interest, legal or beneficial, in the funds in the Interpleader Escrow or in any Note or Preferred Shares or the rights being adjudicated herein, or to any other person or entity identified in the Indenture, for any claim or matter arising out of or relating to the subject matter of this action; and it is further

11. ORDERED, that, if no further person or entity appears, intervenes, joins, or pleads as prescribed in Paragraph 8 by the date of the filing set therein, that, upon submission by the Trustee of an affidavit to such effect, the Clerk enter judgment forthwith on this Order.

Dated: October 12, 2011

SO ORDERED:

_____
Hon. William H. Pauley, USDJ